1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7    YAKIMA POLICE PATROLMAN'S
     ASSOCIATION, a Washington labor                NO:  14-CV-3045-TOR
8    organization; and GEOFF
     GRONEWALD,                                     ORDER DENYING PLAINTIFFS'
9                                                   SECOND MOTION FOR A
                              Plaintiffs,           TEMPORARY RESTRAINING
10                                                  ORDER
              v.
11
     CITY OF YAKIMA, a municipal
12   corporation; DOMINIC RIZZI, JR.,
     individually and in his official capacity
13   as Chief of Police of the City of
     Yakima; and TAMMY REGIMBAL,
14   individually and in her official capacity
     as Public Records Officer of the City of
15   Yakima; and JOHN LACROSSE,

16                            Defendants.

17

18         BEFORE THE COURT is Plaintiffs' Second Motion for a Temporary

19   Restraining Order (ECF No. 9).  This matter was heard with oral argument on

20   April 18, 2014.  Mitchell Riese appeared on behalf of the Plaintiffs.  James

     ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
     RESTRAINING ORDER ~ 1

1    Mitchell appeared on behalf of Defendants City of Yakima, Dominic Rizzi, and

2    Tammy Regimbal. Neither John LaCrosse nor the Washington State Attorney

3    General appeared.  The Court has reviewed the briefing and the record and files

4    herein, and is fully informed. This order memorializes the Court's oral ruling

5    during the hearing.

6                                      BACKGROUND

7        This case concerns a public records request for information pertaining to an

8    investigation of a Yakima Police Department officer's alleged misconduct.

9    Plaintiffs Yakima Police Patrolman's Association ("YPPA") and Geoff Gronewald

10    seek a temporary restraining order preventing the release of the records before the

11    officer's pre-disciplinary/name-clearing hearing. For the reasons explained below,

12    the Court denies the request.

13                                      FACTS[1]

14        Plaintiff Yakima Police Patrolman's Association ("YPPA") is a labor

15    organization representing police officers of the Yakima Police Department. Geoff

16

17    _____

18    [1] The following facts are primarily drawn from Plaintiff's complaint and are

19    accepted as true for the purposes of the instant motion. Defendants did not file any

20    responsive briefing.


ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 2

1   Gronewald is a police officer employed by the City of Yakima Police Department

2   ("YPD").

3       Gronewald was notified on February 25, 2014, that he was the subject of a

4   YPD internal investigation into allegations of misconduct, and he was placed on

5   administrative leave. Gronewald was notified on April 10, 2014, that he was to

6   appear before Defendant Dominic Rizzi, Jr., the YPD Chief of Police, on May 13,

7   2014, for a pre-disciplinary/name-clearing hearing concerning allegations of

8   violations of YPD policy. Gronewald was informed that the disciplinary action

9   contemplated could include termination, and that the hearing would allow

10   Gronewald to "present matters of refutation, explanation and/or mitigation."

11       On March 19, 2014, Defendant LaCrosse submitted a public records request

12   to Defendant Tammy Regimbal, the Public Records Officer for the City of

13   Yakima, requesting any and all information regarding Gronewald's administrative

14   leave, including any investigation surrounding his leave. Regimbal notified

15   Gronewald of the request.

16       On April 14, 2014, the YPPA filed a complaint and motion for a temporary

17   restraining order prohibiting release of the records.  At a hearing on April 16, 2014,

18   the Court denied the motion for a TRO with leave to renew.  The same day,

19   Plaintiff filed a First Amended Complaint and the Second Motion for a Temporary

20   Restraining Order now before the Court, adding as plaintiff Geoff Gronewald and

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 3

1    as defendant John LaCrosse, the member of the press who requested the

2    documents.

3        Plaintiff's Second Amended Complaint claims that information contained in

4    the investigative file contains stigmatizing information about Gronewald, the

5    release of which could cause immediate and irreparable harm because it could

6    impair Gronewald's reputation for honesty or morality.  Plaintiff sues pursuant to

7    42 U.S.C. § 1983, claiming that releasing the investigative file before Gronewald

8    has his predisciplinary/name-clearing hearing violates Gronewald's Fourteenth

9    Amendment liberty interest in remaining free from the public dissemination of

10   stigmatizing information by his employer.  Plaintiff states that Defendants believe

11   they are obligated by the Washington Public Records Act ("PRA"), RCW 42.56, to

12   disclose the records requested by Defendant LaCrosse without first providing

13   Plaintiff Gronewald a pre-disciplinary/name-clearing hearing, and that in the future

14   Defendants would be similarly obligated to disclose the records of other YPPA

15   members without first providing a pre-disciplinary/name-clearing hearing for the

16   officer involved. Plaintiffs' Second Amended Complaint also claims that the PRA

17   is unconstitutional as applied to Plaintiff Gronewald to the extent that the statute

18   allows Defendants to disclose stigmatizing information regarding Plaintiff

19   Gronewald without first affording him a pre-disciplinary/name-clearing hearing.

20

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 4

1   Plaintiffs filed a notice of constitutional challenge to the PRA, and a Constitutional

2   Challenge Certification was sent to the Washington Attorney General.

3         Plaintiffs pray for a temporary restraining order and preliminary injunction

4   enjoining the release of any portion of the investigative file concerning Gronewald

5   until he has had a pre-discicplinary/name-clearing hearing.

6                                        DISCUSSION

7         "An application for a temporary restraining order involves the invocation of

8   a drastic remedy which a court of equity ordinarily does not grant, unless a very

9   strong showing is made of a necessity and desirability of such action." *Youngstown*

10  *Sheet & Tube Co. v. Sawyer,* 103 F.Supp. 978, 980 (D.D.C.1952). The standard for

11  granting a temporary restraining order "is identical to the standard for issuing a

12  preliminary injunction." *Brown Jordan Intern. v. Mind's Eye Interiors, Inc.,* 236

13  F.Supp.2d 1152, 1154 (D .Hawai'i 2002). Pursuant to Rule 65 of the Federal Rules

14  of Civil Procedure, the Court may grant preliminary injunctive relief in order to

15  prevent "immediate and irreparable injury." Fed.R.Civ.P. 65(b).

16        To obtain this relief, a plaintiff must establish that (1) he is "likely to

17  succeed on the merits," (2) he is "likely to suffer irreparable harm in the absence of

18  preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an

19  injunction is in the public interest." *Winter v. Natural Res. Def. Council,* 555 U.S.

20  7, 20 (2008). The Ninth Circuit uses a "sliding scale" under which the temporary

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 5

1   restraining order may be issued if there are serious questions going to the merits

2   and the balance of hardships tips sharply in the plaintiff's favor, along with

3   satisfaction of the two other *Winter* factors. *Alliance for the Wild Rockies v.*

4   *Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

5       Plaintiff cites *Cox v. Roskelley*, 359 F.3d 1105, 1106 (9th Cir. 2004) for the

6   proposition that "publication of stigmatizing information without a name clearing

7   hearing violates due process," and that publication can occur when a records are

8   placed in a personnel file. ECF No. 2 at 5. Plaintiff contends that Defendants

9   intended to publish stigmatizing information without affording Gronewald a name-

10  clearing hearing to which he is entitled. As such, Plaintiff argues, it has shown that

11  it is likely to succeed in the matter.

12      The Fourteenth Amendment's guarantee of procedural due process applies

13  when a constitutionally protected property or liberty interest is at stake. *See Vanelli*

14  *v. Reynolds Sch. Dist. No. 7,* 667 F.2d 773, 777 (9th Cir. 1982). Where the State

15  seeks to bar forever an individual from public employment, makes a charge of

16  "dishonesty," or attaches a "stigma" to an employment decision, it must afford due

17  process. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573 (1972). But

18  mere harm to reputation alone is insufficient to implicate an individual's liberty

19  interest. *Paul v. Davis*, 424 U.S. 693, 711-712 (1976).   "[D]ue process protections

20  will apply if 1) the accuracy of the charge is contested; 2) there is some public

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 6

1 disclosure of the charge; and 3) it is made in connection with the termination of

2 employment or the alteration of some right or status recognized by state law."

3 *Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1129 (9th Cir. 2001). "Failure to

4 provide a "name-clearing" hearing in such a circumstance is a violation of the

5 Fourteenth Amendment's due process clause." *Cox v. Roskelley*, 359 F.3d 1105,

6 1110 (9th Cir. 2004). Placing the stigmatizing information in the employee's

7 personnel file, "in the face of a state statute mandating release upon request,

8 constitute[s] publication sufficient to trigger [the employee's] liberty interest under

9 the Fourteenth Amendment." *Cox*, 359 F.3d at 1112.  In such a case, "[t]he lack of

10 an opportunity for a name-clearing hearing [would violate a plaintiff's] due process

11 rights." *Id.*

12       Here, there is simply no threatened Constitutional violation.  Plaintiffs have

13 failed to meet two of the three criteria triggering due process protection. Assuming

14 that the information is in fact stigmatizing, which is not apparent from the record,

15 its placement in Gronewald's personnel file would be sufficient publication for the

16 purposes of invoking due process protections. But Gronewald has not yet been

17 terminated; he is on administrative leave. This is insufficient to invoke due process

18 protections.  *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1179

19 (9th Cir. 1998) (citing *In re Selcraig*, 705 F.2d 789, 795 (5th Cir. 1983) ("official

20 publication of a stigmatizing charge…without discharge is not of itself

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 7

1   constitutionally prohibited")).  "A constitutional deprivation of liberty occurs when

2   there is *some injury to employment or employment opportunities* in addition to

3   damage to reputation and a subsequent denial of procedural due process to redress

4   that injury." *In re Selcraig*, 705 F.2d at 796 (emphasis added). Gronewald has not

5   suffered an injury to employment yet, and therefore the third prong of the test has

6   not been met.

7          Furthermore, even if the stigmatizing information had been published in

8   connection with termination, Gronewald would be entitled to due process, namely,

9   a name-clearing hearing. Gronewald has a name-clearing hearing scheduled on

10  May 13, 2014. Thus, there is no threatened constitutional violation. As the

11  Supreme Court put it, "[d]efamation, by itself, is a tort actionable under the laws of

12  most States, but not a constitutional deprivation*." Siegert v. Gilley,* 500 U.S. 226,

13  233-234 (1991).

14         Having found no legal basis for the constitutional challenge, the request for a

15  temporary restraining order founded on constitutional violations must be denied,

16  even under the Ninth Circuit's "sliding scale" analysis. If there is no constitutional

17  deprivation, the balance of equities does not tip sharply in Gronewald's favor

18  because there is no constitutional right to protect. Nor, arguably, is it in the public

19  interest to prohibit release of the information, because, at least in theory, the

20  records contain information of concern to the public. *See* RCW 42.56.050 ("A

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 8

1   person's 'right to privacy'…is invaded or violated only if disclosure of information

2   about the person: (1) Would be highly offensive to a reasonable person, and (2) is

3   not of legitimate concern to the public.").

4   **ACCORDINGLY, IT IS HEREBY ORDERED:**

5      Plaintiffs' Second Motion for a Temporary Restraining Order (ECF No. 9) is

6   **DENIED**.

7      The District Court Executive is hereby directed to enter this Order and

8   provide copies to counsel.

9      **DATED** April 18, 2014.

10

11                    THOMAS O. RICE
                    United States District Judge

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR A TEMPORARY
RESTRAINING ORDER ~ 9